UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-24367-CIV-MIDDLEBROOKS

ALEXANDER THOMAS also known as
ALEXANDER F. THOMAS,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
                                                 /

### ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court *sua sponte*. On September 22, 2025, Petitioner Alexander Thomas also known as Alexander F. Thomas ("Petitioner") filed a *pro se* handwritten "Successive Petition for Writ of Habeas Corpus" ("Petition") with supporting Memorandum of Law ("Memorandum"), opened by the Clerk of Court as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (DE 1; DE 11). No model of clarity, in the caption of the Petition, Petitioner listed three Miami-Dade County Circuit Court cases and, as a basis for invoking jurisdiction, cited to Art. V of the Florida Constitution and Fla. R. Crim. P. 3.850. (*Id.* at 1). As a result, on October 23, 2025, I entered an Order pursuant to *Castro*[1] requiring Petitioner to file a notice with the Court, on or before November 24, 2025, either agreeing to the recharacterization of the filing as a § 2254 Petition or withdrawing the Petition rather than have the Court recharacterize the filing. (DE 5). If Petitioner chose to agree to the recharacterization, Petitioner

---

[1] *Castro v. United States*, 540 U.S. 375 (2003).

was advised that this action would only be proceeding as to his conviction and sentence entered in Miami-Dade County, Case No. F11-1766.

Pursuant to Rule 2(e) of the Rules governing Section 2254 Cases in the United States District Courts, Petitioner was also advised that if he chose to do so, he could file two additional petitions attacking case numbers F11-1765 and F11-1765.  Petitioner was cautioned that failure to comply with my Order would result in dismissal of this case, without prejudice except to any application of the federal statute of limitations, or other federal procedural bars that may apply to render the dismissal one with prejudice.[2]  (DE 1 at 6).  Thereafter, I granted Petitioner's multiple motions requesting an extension of time to comply with my Order.  *See* (DE 11; DE 13; DE 15).  Specifically, on December 31, 2025, I entered a third Order granting Petitioner's latest motion (DE 14), extending the time, until on or before January 30, 2026, for Petitioner to file a notice agreeing to the recharacterization of his filing and to file a final amended § 2254 petition. (DE 15).  Petitioner was again cautioned that his failure to comply with my Order would result in dismissal of this action without prejudice except as to any application of the federal statute of limitations, or other federal procedural bars that may apply.  (DE 15).  Petitioner was advised that no further extensions of time would be granted absent extraordinary circumstances.  (*Id.* at 2).  The deadline for Petitioner to respond to my Order has now passed, and Petitioner has not filed a notice either agreeing to the recharacterization or dismissing the Petition; and has not sought an extension of time to do so.

---

[2] Additionally, on October 23, 2025, I entered an Order Instructions to *Pro Se* Petitioners which states: "*Pro se* litigants, like all litigants, must comply with procedural rules.  The Petitioner shall therefore comply with the Rules Governing Section 2254 Cases in the United States District Courts, the Federal Rules of Civil Procedure, and the Local Rules for the Southern District of Florida."  (DE 4 at 1).  In that Order, I also cautioned Petitioner that "[f]ailure to comply with any court order may result in dismissal" of this case.  (*Id.*).

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape, Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). *Id.* Accordingly, after careful review of the record and the relevant authorities, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** without prejudice except as to application of the federal statute of limitations or other procedural defenses which may apply;

2. All pending motions are **DENIED AS MOOT**. and

3. The Clerk of Court shall **CLOSE THIS CASE**.

**SIGNED** in Chambers at West Palm Beach, Florida on this 4th day of February, 2026.

_____
Donald M. Middlebrooks
United States District Judge

**Copies Furnished to:**

**Alexander Thomas also known as
Alexander F. Thomas,** *Pro Se*
DC#298666
Calhoun Correctional Institution
Inmate Mail/Parcels
19562 SE Institution Drive
Blountstown, FL 32424

**Florida Attorney General**
Noticing 2254/2241 SAG Miami-Dade/Monroe
Email: FederalHabeas@myfloridalegal.com